IN THE UNITED STATES COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LONE STAR WILDERNESS TRAILS LLC, | § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. 3:26-cv-00178 |
| B1BANK; STEVEN S. CAMP, SABRINA NEFF, REUBEN ROSOF, LUTE BARBER AND JEFFREY B. LANE, as Substitute Trustees, | § § § § § | |
| Defendants. | § § | |

## NOTICE OF REMOVAL

COMES NOW Defendant b1BANK ("b1Bank"), pursuant to the provisions of 28 U.S.C. § 1332 and 1446, and hereby files its notice of the removal of this action from the 10th Judicial District Court of Galveston County, Texas, to the United States District Court, Southern District of Texas, Galveston Division. In support of this notice of removal, b1Bank shows unto the Court as follows:

## I. INTRODUCTION

1.     Plaintiff Lone Star Wilderness Trails LLC ("Plaintiff") commenced this action by filing a complaint in the 10th Judicial District Court of Galveston County, Texas, Cause No. 26-CV-1008, on May 28, 2026 (the "Complaint").

2.     Plaintiff's Complaint sued b1Bank for promissory estoppel, waiver, negligent misrepresentation, and equitable estoppel arising out of b1Bank's alleged refusal to continue negotiating with Plaintiff in the face of Plaintiff's admitted payment default on a commercial loan.[1]

---

[1] *See* Complaint at pp. 4-7.

A true and correct copy of the Complaint is attached hereto as **Exhibit B-1**. Plaintiff also seeks injunctive relief to stop a duly noticed substitute trustee's sale of the collateral securing the defaulted loan.[2]

3.     b1Bank invokes this Court's diversity jurisdiction, because the parties are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.     All of the records from the state docket, Cause No. 2026-35990 in the 151st Judicial District Court Harris County, Texas, are attached hereto as **Exhibits B-1 through B-7.**

## II. DIVERSITY JURISDICTION EXISTS OVER THIS ACTION

5.     This court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States."[3]

### A. The Parties Are Diverse

6.     The Complaint alleges that Plaintiff is a Delaware limited liability company.[4] For the purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members.[5] On information and belief, the sole member of Plaintiff is Wolfgramm Capital LLC. The members of Wolfgramm Capital LLC are Phillip Wolfgramm, Koloa Wolfgramm, Russell Handy, and David Finau Tafuna II, all of whom on information and belief are citizens of Texas. Therefore, Plaintiff is a citizen of Texas. Plaintiff is not a citizen of Louisiana.

---

[2] *Id.* at pp. 7-8.
[3] 28 U.S.C. § 1332(a)(1).
[4] *Compare Complaint* at p. 1 (case caption) and p. 2.
[5] *Megalomedia Inc. v. Philadelphia Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024).

7.      For the purposes of diversity jurisdiction, a state bank is a citizen of the state or states where it is chartered and where it has its principal place of business.[6] b1BANK is a Louisiana banking corporation, having its corporate headquarters and principal place of business in Baton Rouge, Louisiana. b1Bank is a citizen of Louisiana.

8.      The Complaint also names Steven S. Camp, Sabrina Neff, Reuben Rosof, Lute Barber, and Jeffery B. Lane solely in their capacity as substitute trustees (collectively, the "Substitute Trustees").[7] The only mention of the Substitute Trustees in the Complaint is in the case caption, the identification of parties, and the request for injunctive relief.[8] The citizenship of Substitute Trustees should be disregarded for purposes of diversity because they are merely nominal parties that have been fraudulently joined.

9.      The fraudulent joinder doctrine is an exception to the complete diversity rule.[9] The doctrine ensures "that the presence of an improperly [fraudulently] joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."[10] "In other words, it allows a court to disregard the citizenship of an improperly [fraudulently] joined defendant for purposes of determining diversity."[11]

10.      To establish fraudulent joinder, a party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[12] "If no reasonable basis for recovery exists, a conclusion can

---

[6] *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006).

[7] *See Complaint* at pp. 1, 2.

[8] *Id.* at pp. 1, 2, 7-8.

[9] *See, e.g., Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

[10] *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009) (citing *Salazar v. Allstate Tex. Lloyd's, Inc.,* 455 F.3d 571, 574 (5th Cir. 2006)).

[11] *Adams v. CitiBank*, No. 3:11-CV-3085, 2012 WL 2122175, at *3 (N.D. Tex. May 11, 2012), *rec. adopted*, 2012 WL 2130907 (N.D. Tex. Jun. 12, 2012) (citing *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004)).

[12] *Smallwood*, 385 F.3d at 573-74; *see also Cantor v. Wachovia Mortgage, FSB et. al.*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009); *Shields v. Bridgestone/Firestone, Inc.*, 232 F. Supp. 2d 715, 719 (E.D. Tex. 2002).

be drawn that the plaintiff's decision to join the local defendant was indeed improper, unless the showing compels dismissal of all defendants."[13] To prove fraudulent joinder based on a plaintiff's inability to establish a cause of action against a nondiverse defendant, a removing defendant must demonstrate no possibility of recovery by the plaintiff against the in-state defendant, *i.e.* no reasonable basis for predicting that the plaintiff might be able to recover against the in-state defendant.[14]

11.    In determining whether a party has been fraudulently joined, the district court should conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant."[15] Notably, a "mere theoretical possibility of recovery under local law" will not preclude a finding of fraudulent joinder.[16]

12.    The Court should conclude the Substitute Trustees have been fraudulently joined for three reasons. First, a substitute trustee has qualified immunity and Plaintiff has not alleged any bad faith by the Substitute Trustees to overcome the qualified immunity. The Texas Property Code creates qualified immunity for mortgage trustees who make good faith errors.[17] Here, Plaintiff ***alleged no errors*** whatsoever by any of the Substitute Trustees. Additionally, Plaintiff

---

[13] *McDonal v. Abbott Labs.,* 408 F.3d 177, 183 (5th Cir. 2005) (emphasis omitted).

[14] *Adams*, 2012 WL 2122175, at *3 (citing *Smallwood*, 385 F.3d at 572).

[15] *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006).

[16] *Smallwood*, 385 F.3d at 573 n. 9; *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002).

[17] *See* TEX. PROP. CODE § 51.007(f).

has not alleged that any Substitute Trustee was acting in bad faith.[18] Therefore, there is no reasonable basis for recovery asserted and the Substitute Trustees were improperly joined.[19]

13.     Second, more generally, there are no allegations of ***any wrongdoing at all*** by the Substitute Trustees. Here, Plaintiff asserts that b1Bank was unreasonable in its refusal to continue to negotiate with Plaintiff in the face of Plaintiff's admitted and continued payment default. But there is no similar wrongdoing alleged against the Substitute Trustees. Because Plaintiff makes no allegations of errors or misconduct against the Substitute Trustees at all, there is no reasonable basis for recovery and the Substitute Trustees have been improperly joined.

14.     Finally, Plaintiff has not asserted any causes of action whatsoever against the Substitute Trustees. The only aspect of the Complaint directed at the Substitute Trustees is Plaintiff's application for injunctive relief. Requests for injunctive relief are derivative; they depend on the existence of some other cause of action.[20] Without a viable underlying cause of action, Plaintiff's request for injunctive relief against the Substitute Trustees would fail as a matter of law.[21]

15.     Therefore, the Substitute Trustees are nominal parties who have been fraudulently joined, and their citizenship should be disregarded for removal purposes. Accordingly, this case is properly in federal court.[22]

---

[18] *See, e.g., R & L Inv. Prop., LLC v. Green,* No. 3:12–CV–4171–O, 2014 WL 1807618, at *8 (N.D.Tex. May 6, 2014) ("[C]ourts have generally held that Section 51.007(f) imposes a substantive pleading element on a plaintiff that requires a plaintiff to allege bad faith on the part of the trustee."); *Williams v. Wells Fargo Bank,* No. 4:13–cv–825, 2014 WL 1024003, at *5 (S.D.Tex. Mar. 13, 2014).

[19] *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 277–78 (5th Cir. 2014) (affirming denial of motion to remand because inclusion of non-diverse substitute trustee did not destroy diversity of parties and removal was proper).

[20] *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013) (per curiam).

[21] *See, e.g., Payrovi v. Wells Fargo Bank, NA*, 2017 WL 4950066 (S.D. Tex. Oct. 31, 2017) ("[I]njunctive relief without a cause of action supporting entry of judgment must be dismissed."); *Gapasin v. Sand Canyon Corp.*, No. 4:23-CV-02866, 2024 WL 3237322, at *8–9 (S.D. Tex. June 5, 2024), *report and recommendation adopted sub nom. Gapasin v. Wells Fargo Bank*, No. 4:23-CV-02866, 2024 WL 3245623 (S.D. Tex. June 26, 2024)

[22] *See Great Plains Trust Co.*, 313 F.3d at 313 (where non-diverse defendant is fraudulently joined, case properly in federal court).

### B. The Amount in Controversy Exceeds $75,000

16.     The amount in controversy with respect to Plaintiff's claims exceeds $75,000.[23]

17.     In the Fifth Circuit, a removing party may establish jurisdiction by a preponderance of the evidence in either one of two ways: (1) by demonstrating that is it "facially apparent" from the petition that the claim likely exceeds $75,000; or (2) by setting forth facts that support the requisite finding.[24] In this context, district courts are permitted to conduct a "reasonable and common-sense analysis of the allegations in the plaintiff's petition."[25]

18.     Here, among other claims, Plaintiff seeks an injunction to prevent a foreclosure sale.[26]   When a plaintiff seeks an injunction to prevent the foreclosure sale of a property, then the **amount in controversy is the value of the property** at issue.  As the Fifth Circuit has routinely held,

> In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.  The purpose of the injunctive and declaratory relief, to stop the foreclosure sale of the properties by [Lenders], establishes the properties as the object of the present litigation. As this court has explained, the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented. Borrowers' claimed injury was the potential loss of use and ownership of the properties.  In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; **the value of that property represents the amount in controversy**.[27]

---

[23] *See* U.S.C. § 1332(a).
[24] *Allen v. R.H. Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[25] *Mosely v. Wal–Mart Stores Texas LLC,* 2011 WL 1532386, at *3 (N.D. Tex. April 21, 2011) ("this is one of those cases where the application of common sense and logic must prevail; otherwise an absurd result occurs"); *Allen*, 63 F.3d 1335 ("common sense" may guide a court's analysis).
[26] *Complaint* pp. 7-8.
[27] *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (internal quotations omitted) (emphasis added).

Even when the borrower asserts a lesser amount in controversy than the value of the property, the actual amount in controversy when a borrower sues to obtain an injunction to prevent foreclosure is the value of the property to be sold.[28]

19.    In this case, Plaintiff seeks an injunction to prevent the sale of a commercial property located as 30 Wilderness Trail in Friendswood. The taxable value of the subject property is currently listed as $2,788,880.00.[29] The amount in controversy for the application for injunctive relief is at least $2 million and far exceeds the minimum threshold for removal.

## III. ADOPTION AND RESERVATION OF DEFENSES

20.    Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of b1Bank's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Federal Rule of Civil Procedure 12 or the Texas Rules of Civil Procedure, any state or federal statute, or otherwise.

## IV. TIMING OF REMOVAL

21.    This removal is timely because it is being filed within thirty (30) days of service of process.[30] The Complaint was filed on May 28, 2026. Plaintiff has not requested citations for service on any defendant. b1Bank has not been served with process. Therefore, this removal is timely.

---

[28] *Buttelman v. Wells Fargo Bank, N.A.*, No. 5:11-CV-00654-XR, 2011 WL 5155919, at *3–4 (W.D. Tex. Oct. 28, 2011).

[29] A true and correct copy of the Galveston County Tax Appraisal is attached hereto as **Exhibit D**. It is appropriate for the Court to take judicial notice of the Appraisal because it is a public record and the information it provides is readily ascertainable and relevant to the matter at hand.  *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

[30] *See* 28 U.S.C. 1446.

## V. ADDITIONAL PROCEDURAL REQUIREMENTS

22.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

23.     True and correct copies of "all process, pleadings, and orders" from the State Court are attached hereto as **Exhibit B-1 through B-4**.  There has been no other process, pleadings, or orders served upon b1Bank to date in this case.

24.     b1Bank has heretofore sought no similar relief.

25.     Venue is proper in this district under 28 U.S.C. §1466(d) because the United States District Court for the Southern District of Texas, Houston Division is the court embracing the State Court where this action is pending in state court.

26.     b1Bank has provided written notice of the filing of this Notice of Removal to all parties in this action and is filing a copy of this Notice of Removal with the clerk of the State Court where the action is pending pursuant to 28 U.S.C. § 1446(d).

27.     b1Bank reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** b1Bank prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the 151st Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

HUSCH BLACKWELL LLP

By: */s/ Sabrina A. Neff*
Sabrina A. Neff
State Bar No. 24065813
sabrina.neff@huschblackwell.com
600 Travis St., Suite 2350

8

Houston, Texas 77002
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile

ATTORNEYS FOR DEFENDANT
B1BANK

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice of Removal has been served upon the following on June 5, 2026:

Russell Handy         ***Via ECF***
POTTER HANDY, LLP
141 E. Winding Way Dr., Suite B
Friendswood, Texas 77546
*Attorneys for Plaintiff*

By: */s/ Sabrina A. Neff*
Sabrina A. Neff

9