# EXHIBIT B

IN THE UNITED STATES COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LONE STAR WILDERNESS TRAILS LLC, | § § § | |
| Plaintiff | § § | |
| v. | § § § | Civil Action No. 3:26-cv-00178 |
| B1BANK; STEVEN S. CAMP, SABRINA NEFF, REUBEN ROSOF, LUTE BARBER AND JEFFREY B. LANE, as Substitute Trustees, | § § § § § | |
| Defendants. | § § § | |

EXHIBIT "B"
INDEX OF STATE COURT'S FILE

| B-1 | Original Petition | 05/28/2026 |
|---|---|---|
| B-2 | Declaration of Russell Handy | 05/29/2026 |
| B-3 | Proposed Temporary Restraining Order | 05/29/2026 |
| B-4 | Status Conference Sheet | 05/29/2026 |
| B-5 | Order Granting Temporary Restraining Order and Setting Bond | 05/29/2026 |
| B-6 | B-6 Bond - Certificate of Cash in Lieu of Surety Bond | 05/29/2026 |
| B-7 | Receipt Acknowledge | 05/29/2026 |

# EXHIBIT B-1

Filed: 5/28/2026 5:07 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 115470136
By: Shailja Dixit
5/29/2026 8:22 AM

26-CV-1008

**No. _____**

| | |
|---|---|
| **Lone Star Wilderness Trails LLC**, a Delaware limited liability company; <br><br> Plaintiff, <br><br> v. <br><br> **b1Bank,** a Louisiana banking corporation; **Steven S. Camp, Sabrina Neff, Reuben Rosof, Lute Barber** and **Jeffrey B. Lane** as Substitute Trustees. <br><br> Defendants. | **In the District Court of** <br><br> **Galveston County, Texas** <br><br> Galveston County - 10th District Court <br><br> _____ **Judicial District** |

## PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Lone Star Wilderness Trails LLC ("Plaintiff" or "Borrower") files this Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction complaining of Defendants b1Bank ("Bank") and Steven S. Camp, Sabrina Neff, Reuben Rosof, Lute Barber and Jeffrey B. Lane, Substitute Trustee ("Trustee"), and respectfully shows the Court as follows:

1

Plaintiff's Original Petition

Status Conference - 08/27/2026

## I.  DISCOVERY CONTROL PLAN

Plaintiff intends that discovery be conducted under Level 2 of Texas Rule of Civil Procedure 190.

## II.  PARTIES

Plaintiff Lone Star Wilderness LLC is a Delaware limited liability company.

Defendant b1Bank is a Louisiana banking corporation doing business in Texas and may be served through its legal representatives/attorney Jeffery B. Lane, Esq., of Husch Blackwell, 1900 N. Pearl Street, Suite 1800, Dallas, TX 75201.

Defendants Steven S. Camp, Sabrina Neff, Reuben Rosof, Lute Barber and Jeffrey B. Lane all act as Substitute Trustees, and Jeffery B. Lane may be served at Husch Blackwell, 1900 N. Pearl Street, Suite 1800, Dallas, TX 75201.

## III.  JURISDICTION AND VENUE

This Court has jurisdiction because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

Venue is proper in this Court because the real property that is the subject of this lawsuit is located in this county and all or a substantial part of the events giving rise to this action occurred in this county.

## IV.  FACTUAL BACKGROUND

Plaintiff is the owner of certain real property located at 30 Wilderness Trails, Friendswood, Texas (the "Property").

Plaintiff executed a promissory note and deed of trust in favor of Bank relating to the Property.

Plaintiff's Original Petition

Plaintiff expended substantial amounts of time and money in developing the almost 40 acres of undeveloped property, including

- meeting with the City of Friendswood to prepare a development agreement,
- having the parcel be included in a TIRZ (Tax Incremental Reinvestment Zone),
- clearing the land,
- running surveys,
- holding public meetings,
- multiple rounds of engineering work,
- negotiation a contract for the sale of almost half of the lots to a customer home builder;
- prosecuting and defending a state and federal lawsuit against and from the Galveston County Consolidated Drainage District, wherein the plaintiff successful got a preliminary injunction overturned at the appellate court level and a $3MM fine set aside.

But this litigation was extensive and stopped the project in its tracks until the appellate work was concluded and a settlement was reached, finally, one week ago.

Due to this delay, the b1Bank loan reached maturity and ongoing payments were missed. All along the plaintiff updated the Bank about the status of the litigation and the delays. Plaintiff communicated with Bank representatives regarding the default and informed Bank that Plaintiff was actively pursuing refinancing with a new lender that would allow Plaintiff to satisfy the indebtedness owed to Bank.

During these negotiations, Plaintiff – represented by attorney Russell Handy and managing member Koloa Wolfgramm participated in an in-person meeting with Bank

Plaintiff's Original Petition

officers Keith Marshall and Duncan Stewart concerning Plaintiff's refinance efforts, the status of the loan, and the timing of any foreclosure activity.

During those discussions, Bank representatives represented to Plaintiff that Bank would allow Plaintiff additional time to secure replacement financing and would work with Plaintiff while the refinancing process was underway.

Based on these representations, plaintiff continued to expend time and money to both litigate the issues surrounding the property, and pursue refinance options. However, the Bank moved forward with foreclosure activities. Plaintiff relied upon Bank's representations and continued expending substantial time, money, and effort pursuing refinance approval rather than pursuing other emergency measures, including immediate litigation or bankruptcy relief.

Plaintiff informed Bank representatives that a finance package was imminent, loan docs were being prepared, and final funding was now about six weeks out, in a series of phone calls and emails between the Plaintiff and Harland Busch, a special assets officer for b1Bank.

Mr. Busch represented to Plaintiff that foreclosure could not or would not be stopped unless issues involving other properties over which b1Bank had loans –with other borrowers unrelated to the Plaintiff here – were resolved to the Bank's satisfaction, and even claimed that the those other loans were "cross-collateralized."

Plaintiff subsequently reviewed the operative loan documents and determined there is no cross-collateralization language contained within the applicable loan documents relating to Plaintiff's Property.

Plaintiff challenged Harlan Bucsch for the authority upon which he claimed this cross-collateralization hurdle but has never received an answer to the query.

Plaintiff has an active replacement lender and refinancing efforts remain ongoing.

4

Plaintiff's Original Petition

Plaintiff has offered to cure the arrearages and bring the loan current pending completion of the refinancing transaction.

Despite these representations, negotiations, and Plaintiff's active refinance efforts, Bank will not accept the payment of arrearages and is moving forward with the foreclosure sale.

Bank is now attempting to foreclose upon the Property despite previously representing that Plaintiff would be provided additional time to complete refinancing efforts.

Unless restrained by this Court, Defendants will proceed with foreclosure, causing immediate and irreparable harm to Plaintiff.

## V.  CAUSES OF ACTION

COUNT ONE – PROMISSORY ESTOPPEL

Plaintiff incorporates the foregoing paragraphs.

Bank, through its officers and representatives, made promises and representations to Plaintiff that Bank would provide Plaintiff additional time to complete refinancing efforts and would work with Plaintiff regarding the loan default.

Bank reasonably expected Plaintiff to rely upon those promises.

Plaintiff substantially and reasonably relied upon those promises by continuing refinance efforts, incurring costs and expenses, and foregoing alternative emergency remedies.

Plaintiff's reliance was foreseeable and justified under the circumstances.

Injustice can only be avoided by enforcement of Bank's promises and by preventing foreclosure pending Plaintiff's refinance efforts.

COUNT TWO – WAIVER

5

Plaintiff's Original Petition

Plaintiff incorporates the foregoing paragraphs.

Through its conduct, communications, negotiations, and representations, Bank intentionally relinquished or acted inconsistently with any immediate right to foreclose.

Bank's actions and statements reasonably induced Plaintiff to believe foreclosure would be delayed while refinancing efforts proceeded.

Plaintiff relied upon Bank's conduct to its detriment.

Bank has waived strict enforcement of any immediate foreclosure remedies.

## COUNT THREE – NEGLIGENT MISREPRESENTATION

Plaintiff incorporates the foregoing paragraphs.

Bank, acting through its officers and representatives, supplied false information to Plaintiff in the course of business, including representations that:

a. Plaintiff would be afforded sufficient additional time to refinance; and
b. foreclosure allegedly could not or would not be stopped unless another allegedly cross-collateralized property and borrower were also resolved.

These representations were false.

Bank failed to exercise reasonable care or competence in communicating this information.

Plaintiff justifiably relied upon the representations.

Plaintiff suffered and will continue to suffer damages as a result of that reliance.

## COUNT FOUR – EQUITABLE ESTOPPEL

Plaintiff incorporates the foregoing paragraphs.

Bank made representations and engaged in conduct intended or reasonably expected to induce Plaintiff's reliance.

6

Plaintiff's Original Petition

Plaintiff relied upon those representations in continuing refinance efforts and refraining from pursuing alternative remedies.

It would be inequitable to permit Bank to proceed with foreclosure after inducing Plaintiff's reliance through its conduct and representations.

# APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

Plaintiff incorporates the foregoing paragraphs.

Defendants have posted the Property for foreclosure sale scheduled for June 2, 2026.

Unless restrained, Defendants will imminently foreclose upon the Property.

Plaintiff has a probable right to relief based upon the claims asserted herein.

Plaintiff will suffer probable, imminent, and irreparable injury if foreclosure proceeds because:

a. real property is unique;
b. foreclosure would cloud title and ownership rights;
c. the Property may be sold to third parties;
d. Plaintiff's business operations and refinancing efforts would be irreparably disrupted; and
e. monetary damages alone cannot adequately compensate Plaintiff.

Plaintiff has no adequate remedy at law.

The balance of equities strongly favors injunctive relief because:

a. Plaintiff has an active refinancing effort underway;
b. Plaintiff has offered to cure arrearages;
c. Bank is adequately secured by the Property;
d. any injury to Bank from temporary delay is minimal compared to the catastrophic harm Plaintiff will suffer from foreclosure.

---

7

Plaintiff's Original Petition

Plaintiff requests issuance of a Temporary Restraining Order restraining Defendants, their agents, employees, trustees, successors, assigns, and all persons acting in concert with them from:

  a. conducting any foreclosure sale;
  b. transferring title to the Property;
  c. recording any trustee's deed;
  d. interfering with Plaintiff's possession of the Property.

Plaintiff further requests issuance of a Temporary Injunction following hearing.

## ATTORNEYS' FEES

Plaintiff seeks recovery of attorneys' fees and costs as permitted by Texas law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer, and that upon final hearing Plaintiff recover:

a. temporary restraining order relief;
b. temporary injunction relief;
c. permanent injunction relief;
d. actual damages;
e. attorneys' fees and costs;
f. pre-judgment and post-judgment interest; and
g. all other relief to which Plaintiff may be entitled.

Respectfully submitted,

***Potter Handy, LLP***

By: */s/ Russell Handy*
Russell Handy, Esq.

8

Plaintiff's Original Petition

Texas State Bar No: 24117976
141 E. Winding Way Dr., Ste B,
Friendswood, TX 77546
Phone: (415) 534-1911; Fax: 888-422-5191
russ@potterhandy.com

Attorney for Plaintiff

Plaintiff's Original Petition

# EXHIBIT B-2

Filed: 5/29/2026 11:24 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 115494557
By: Shailja Dixit
5/29/2026 11:28 AM

26-CV-1008

No. _____

| | |
|---|---|
| **Lone Star Wilderness Trails LLC**, a Delaware limited liability company; <br><br> Plaintiff, <br><br> v. <br><br> **b1Bank,** a Louisiana banking corporation; <br> **Steven S. Camp, Sabrina Neff, Reuben Rosof, Lute Barber** and **Jeffrey B. Lane** as Substitute Trustees. <br><br> Defendants. | **In the District Court of** <br><br> **Galveston County, Texas** <br><br> Galveston County - 10th District Court <br><br> _____ **Judicial District** |

## DECLARATION OF RUSSELL HANDY IN SUPPORT OF PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

1. "My name is Russell Handy. I am over eighteen years of age, of sound mind, and fully competent to make this affidavit. The facts stated herein are within my personal knowledge and are true and correct.

2. I am a member of, and the attorney for, Plaintiff Lone Star Wilderness Trails LLC.

3. Plaintiff owns the real property located at 30 Wilderness Trails, Friendswood, TX 77546.

1

Declaration of Russell Handy

After buying the property we spent a considerable amount of money in developing the 40 acres of undeveloped land. This included including

- meeting with the City of Friendswood to prepare a development agreement (we are granting a portion of the land to the City for an expansion of the City roads to connect to the Grand Parkway),

- having the parcel be included in a TIRZ (Tax Incremental Reinvestment Zone), which has already passed and is in place,

- clearing the land, running surveys, holding public meetings,

- multiple rounds of engineering work,

- negotiation a contract for the sale of almost half of the lots to a customer home builder;

- prosecuting and defending a state and federal lawsuit against and from the Galveston County Consolidated Drainage District, wherein the plaintiff successful got a preliminary injunction overturned at the appellate court level and a $3MM fine set aside.

4. Due to the extensive delays to the litigation over the land, Plaintiff fell behind on loan payments to the Bank and it also greatly complicated finding a replacement lender.

5. Those lawsuits, however, have reached a full settlement and were voted on and approved by the Galveston County Consolidated Drainage District on May 13, 2026.

6. Throughout this time, Plaintiff was pursuing refinancing with replacement lenders in order to satisfy the indebtedness owed to Defendant Bank and keeping the Bank updated on the developments, the lawsuit, the pending settlement, and so forth.

7. I personally participated in meetings and communications with Bank representatives regarding Plaintiff's refinance efforts and requests for additional time.

2

Declaration of Russell Handy

8. I attended an in-person meeting with Bank officers Keith Marshall and Duncan Stewart during which Bank representatives represented that Plaintiff would be given additional time to complete refinancing efforts.

9. During recent discussions, wherein we informed the Bank that we had refinancing that was a mere 6-8 weeks out and would fully pay off b1Bank, the Bank (acting through Harlan Bush, Special Assets Officer for the Bank) informed us that that foreclosure allegedly could not or would not be stopped because another property and a completely different borrower were supposedly cross-collateralized with Plaintiff's Property and unless we resolved all loans with all properties, we could not stop the foreclosue.

10. I later reviewed the loan documents relating to Plaintiff's Property and found no cross-collateralization provisions applicable to Plaintiff's Property.

11. We challenged Harlan Bush on where this supposed cross-collateralization was to be found but have not received any response whatsoever.

12. Plaintiff relied upon Bank's ongoing representations and continued devoting substantial effort in the litigation and toward obtaining refinancing.

13. Plaintiff currently has an active replacement lender and refinancing efforts are ongoing and anticipated to close in less than eight weeks from today.

14. I informed the Bank orally and in writing that we could cure the arrearages immediately pending completion of refinancing if they would simply agree to postpone the foreclosure sale.

15. The Bank refused. And has demanded that the only thing that will stop the foreclosure sale would be full repayment of the debt outstanding – not only on this loan but the other loan (for another Buyer) as well.

16. If foreclosure occurs, Plaintiff will suffer immediate and irreparable injury because the Property is unique and foreclosure would destroy Plaintiff's ownership interests, refinancing efforts, and business opportunities.

---

3

Declaration of Russell Handy

Plaintiff respectfully requests that the Court issue emergency injunctive relief preventing foreclosure pending further proceedings.

My name is Russell Handy. My date of birth is February 12, 1969. My address is 1907 Carriage Creek Ln, Friendswood, Texas.
I declare under penalty of perjury that the foregoing is true and correct.
Executed in Galveston County, State of Texas, on the 28th Day of 2026.

_____

Russell Handy

4

Declaration of Russell Handy

# EXHIBIT B-3

26-CV-1008
**No. _____**

| | |
|---|---|
| **Lone Star Wilderness Trails LLC**, a Delaware limited liability company; | **In the District Court of** |
| Plaintiff, | **Galveston County, Texas** |
| v. | Galveston County - 10th District Court |
| **b1Bank,** a Louisiana banking corporation; **Steven S. Camp, Sabrina Neff, Reuben Rosof, Lute Barber** and **Jeffrey B. Lane** as Substitute Trustees. | **_____ Judicial District** |
| Defendants. | |

**TEMPORARY RESTRAINING ORDER**

On this day, the Court considered Plaintiff's Application for Temporary Restraining Order. The Court finds that Plaintiff has shown a probable right to relief and probable, imminent, and irreparable injury absent emergency relief.

IT IS THEREFORE ORDERED that Defendants b1Bank and Steven S. Camp, Sabrina Neff, Reuben Rosof, Lute Barber and Jeffrey B. Lane,  Substitute Trustee, together with their agents, servants, employees, attorneys, successors, assigns, and all persons acting in concert with them, are TEMPORARILY RESTRAINED from:

1.  conducting any foreclosure sale relating to the property located at 30 Wilderness Trails, Friendswood, TX 77546;

1

Temporary Restraining Order

2.  transferring or conveying title to the property;

3.  recording any trustee's deed concerning the property; and

4.  taking any action to dispossess Plaintiff from the property.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect until _____, 2026, at _____ __.m., unless extended by further order of this Court.

IT IS FURTHER ORDERED that Plaintiff shall post bond in the amount of $_____.

IT IS FURTHER ORDERED that the hearing on Plaintiff's Application for Temporary Injunction is set for the _____day of _____, 2026 at _____ __.m.

SIGNED this ____ day of _____, 2026.

_____

JUDGE PRESIDING

---

2

# EXHIBIT B-4

**The District Courts of Galveston County, Texas Status Conference Notice**

**Please calendar this event**

**All Status Conferences will be set for Thursdays (subject to exceptions for county holidays)**

| Court Name | Status Conference Time | Court Phone Number | | |
|---|---|---|---|---|
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:00 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409- 766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

## Date: 08/27/2026  set in the 10th District Court

| Case Number: | 26-CV-1008 |
|---|---|
| Case Style:  Lone Star Wilderness Trails LLC vs. b1Bank, Et Al | |

*Helpful Information: Please visit our website at*
*http://www.galvestoncountytx.gov/dc/Pages/default.aspx*

*FAQ*

*Forms*

*Fee Schedules*

*Remote Access to on-line case record searches*

*Contact and Mailing information*

*Passport Services*

*E Filing Information*

*Helpful Links to Legal Resources and sites*

**Notice: If this case is filed as an expedited action pursuant to Rule 169 of the Texas Rules of Civil Procedure, please contact the Court to inform them of the same as soon as possible**

*JOHN D. KINARD, District Clerk, Galveston County, Texas*
*District Clerk Personnel proudly serving our customers, community, and supporting the Judiciary*

# EXHIBIT B-5

3

FILED

2026 MAY 29  PM 1:46

*[signature]*
DISTRICT CLERK
GALVESTON COUNTY TEXAS

No. _26CV1008_

| | |
|---|---|
| **Lone Star Wilderness Trails LLC**, a Delaware limited liability company; | **In the District Court of** |
| Plaintiff, | **Galveston County, Texas** |
| v. | |
| **b1Bank,** a Louisiana banking corporation; **Steven S. Camp, Sabrina Neff, Reuben Rosof, Lute Barber** and **Jeffrey B. Lane** as Substitute Trustees. | _10_$^{th}$_____ **Judicial District** |
| Defendants. | |

## TEMPORARY RESTRAINING ORDER

On this day, the Court considered Plaintiff's Application for Temporary Restraining Order. The Court finds that Plaintiff has shown a probable right to relief and probable, imminent, and irreparable injury absent emergency relief.

IT IS THEREFORE ORDERED that Defendants b1Bank and Steven S. Camp, Sabrina Neff, Reuben Rosof, Lute Barber and Jeffrey B. Lane,  Substitute Trustee, together with their agents, servants, employees, attorneys, successors, assigns, and all persons acting in concert with them, are TEMPORARILY RESTRAINED from:

1. conducting any foreclosure sale relating to the property located at 30 Wilderness Trails, Friendswood, TX 77546; *More particularly described on Plaintiff's exhibit A, attached hereto.* *[initials]*



26-CV-1008
DCTRORD
Temporary Restraining Order – OCA
3192741

1

Temporary Restraining Order

2. transferring or conveying title to the property;

3. recording any trustee's deed concerning the property; and

4. taking any action to dispossess Plaintiff from the property.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect until June 12 , 2026, at 1:30 p.m., unless extended by further order of this Court.

IT IS FURTHER ORDERED that Plaintiff shall post bond in the amount of $ 100·00 .

IT IS FURTHER ORDERED that the hearing on Plaintiff's Application for Temporary Injunction is set for the 12th day of June , 2026 at 1:30 P.m.

SIGNED this 29th day of May , 2026.

JUDGE PRESIDING

Rebecca Mille
Judge 10th District Court

2

Temporary Restraining Order

Plaintiff's Exhibit A
to Temporary Restraining Order

- The legal description for the property located
at 30 Wilderness Trails, Friendswood, TX
77546 is:

ABST 83 R HOPPEL SUR. and ABST
128 A. JACKSON SUR. TRACT 3,
38.4430 ACRES

# EXHIBIT B-6



# John D. Kinard
### DISTRICT CLERK
## GALVESTON COUNTY, TEXAS

### CERTIFICATE OF CASH DEPOSIT IN LIEU OF SURETY BOND

I, **John D. Kinard**, District Clerk of Galveston County, Texas, do hereby certify that **Lone Star Wilderness Trails LLC**, Plaintiff in cause number 26-CV-1008, filed in the 10th District Court, and styled:

Lone Star Wilderness Trails LLC vs. b1Bank, Et Al

in lieu of surety bond, therein, has deposited with me cash in the amount of $100.00 on May 29, 2026 in accordance with the bond requirements and provision set forth in the following Order.

Temporary Restraining Order - OCA signed on May 29, 2026

WITNESS MY HAND AND SEAL OF OFFICE, this on this the 29th day of May, 2026.

**John D. Kinard, District Clerk**
 **Galveston County, Texas**

**By** _____
        **Marian Cooper, Deputy Clerk**

**600 59ᵀᴴ Street, Suite 4001, P.O. Box 17250**
**Galveston, Texas 77551**
**(409)766-2424 Fax (409)766-2292**

26 – CV – 1008
DCBOCCIL
Bond – Certificate of Cash in Lieu of
3192774



# EXHIBIT B-7

## Dixit, Shailja

| | |
|---|---|
| **From:** | Dixit, Shailja |
| **Sent:** | Friday, May 29, 2026 9:12 AM |
| **To:** | russ@potterhandy.com |
| **Subject:** | 26-CV-1008_ Lone Star Wilderness Trails LLC vs. b1Bank, Et Al- S/C |
| **Attachments:** | 26-CV-1008_Status Conference Sheet.pdf |

Dear Attorney:

Please find attached the status conference notice on the above case. If you requested electronic service with return delivery to you by email, please remember to print a conformed copy (exact duplicate of the petition with any exhibits that are part of the petition that are filed with the clerk). The issued citation should consist of a citation, copy of the petition, and the status conference notice (if applicable). For additional information, please visit our website announcement on electronic service. Below is a hyper-link to the District Clerk website. Thank you.

http://www.galvestoncountytx.gov/dc/Pages/default.aspx

Sincerely


Shailja Dixit, Civil Deputy Clerk
John D. Kinard
District Clerk Galveston County
600 59th Street, Suite 4001
P. O. Box 17250
Galveston, Texas 77551
409-770-5225